UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JILL PREJEAN,

                Plaintiff,

-against-

INFOSYS LIMITED, MARK LIVINGSTON, DAN ALBRIGHT, and JERRY KURTZ,

                Defendants.

Case No. 1:20-cv-08018 (JPO) (SDA)

# DEFENDANTS MARK LIVINGSTON AND INFOSYS' REPLY MEMORANDUM IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT

Devjani Mishra
Thelma Akpan
LITTLER MENDELSON, P.C.
900 Third Avenue
New York, New York 10022-4834
(212) 583-9600
dmishra@littler.com
takpan@littler.com

*Attorneys for Defendants Infosys Limited and Mark Livingston*

## TABLE OF CONTENTS

**PAGE**

I. PRELIMINARY STATEMENT ................................................................................... 1

II. THE COURT SHOULD IGNORE THE NEW ALLEGATIONS IN PLAINTIFF'S OPPOSITION PAPERS ............................................................................ 1

III. PLAINTIFF HAS FAILED TO ESTABLISH PERSONAL JURISDICTION OVER MARK LIVINGSTON ...................................................................................... 2

    A. Plaintiff Fails to Establish Personal Jurisdiction Pursuant to CPLR § 301 ........... 2

    B. Jurisdiction Under Section 302(a)(1) is Inapplicable ............................................ 2

    C. Jurisdiction Under Section 302(a)(2) is Inapplicable as Mr. Livingston Did Not Commit a Tort Within the State ...................................................................... 4

    D. Plaintiff Has Failed to Establish Jurisdiction Under Section 302(a)(3) ................. 5

    E. Jurisdiction is Unreasonable and Would Violate Due Process .............................. 5

IV. PLAINTIFF'S NYCHRL CLAIMS DO NOT MEET THE PLAUSIBILITY STANDARD TO AVOID DISMISSAL .......................................................................... 6

    A. Plaintiff's Discrimination and Hostile Work Environment Claims Still Fail ........ 7

    B. Plaintiff Cannot Impute Individual Liability to Defendant Livingston ................. 8

    C. Plaintiff Was an Independent Contractor ............................................................... 8

V. THE COURT SHOULD DENY PLAINTIFF FURTHER OPPORTUNITY TO AMEND THE AMENDED COMPLAINT ..................................................................... 9

VI. CONCLUSION ............................................................................................................. 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Aqua Products, Inc. v. Smartpool, Inc.*,
  No. 04 CV 5492 (GBD), 2005 WL 1994013 (S.D.N.Y. Aug. 17, 2005) ..................................5

*Banks v. Correctional Svcs. Corp.*,
  475 F. Supp. 2d 189 (E.D.N.Y. 2007) ...............................................................................9

*Cardell Fin. Corp. v. Suchodolski Assocs., Inc.*,
  09 Civ. 6148 (VM), 2012 WL 12932049 (S.D.N.Y. July 17, 2012) ........................................4

*Carrington v. Mota*,
  2017 WL 3835883 (S.D.N.Y. Aug. 31, 2017)........................................................................7

*CutCo Industries, Inc. v. Naughton*,
  806 F.2d 361 (2d Cir.1986)................................................................................................3, 4

*Davis-Bell v. Columbia Univ.*,
  851 F.Supp.2d 650 ..................................................................................................................7

*DiStefano v. Carozzi N. Am., Inc.*
  286 F.3d 81 (2d Cir. 2001)....................................................................................................5

*Goel v. Bunge, Ltd.*,
  820 F.3d 554 (2d Cir. 2016).................................................................................................2

*Int'l Healthcare Exch., Inc. v. Global Healthcare Exch., LLC*,
  470 F Supp. 2d 345 (S.D.N.Y. 2007)..................................................................................4

*Littlejohn v. City of N.Y.*,
  795 F.3d 297 (2d Cir. 2015)..................................................................................................8

*Madison Capital Mkts., LLC v. Starneth Europe B.V.*,
  15 Civ. 7213, 2016 U.S. Dist. LEXIS 112687 (S.D.N.Y. Aug. 23, 2016) ................................3

*Malena v. Victoria'sSecret Direct, LLC*,
  886 F. Supp. 2d 349 (S.D.N.Y. 2012) (Mov. Br. at pg. 18) ........................................................8

*Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*,
  715 F.3d 102 (2d Cir. 2013)..............................................................................................6, 7

*Pena v. Bd. of Elections in the City of N.Y.*,
  16-CV-00427 (VEC) (BCM), (S.D.N.Y. Feb. 6, 2017)............................................................6

*Rullan v. N.Y.C. Sanitation Dep't*,
  No. 13 Civ. 5154 (JGK), 2014 WL 2011771 (S.D.N.Y. May 16, 2014).................................7

*Saidin v. N.Y.C. Dep't of Educ.*,
  498 F. Supp. 2d 683 (S.D.N.Y. 2007), *reconsid. denied*, 245 F.R.D. 175
  (S.D.N.Y. 2007)......................................................................................................................7

*Serdarevic v. Centex Homes, LLC*,
  760 F. Supp. 2d 322 (S.D.N.Y. 2010)....................................................................................1

*Shukla v. Deloitte Consulting LLP*,
  1:19-cv-10578, 2020 WL 3181785 (June 15, 2020)..............................................................8

*Smith v. Hogan*,
  794 F.3d 249 (2d Cir. 2015)...................................................................................................2

*TechnoMarine SA v. Giftports, Inc.*,
  758 F.3d 493 (2d Cir. 2014).................................................................................................10

*Vista Food Exch., Inc. v. Champion Foodservice, L.L.C.*,
  14 Civ. 804 (RWS), 2014 WL 3857053 (S.D.N.Y. Aug. 4, 2014).........................................4

## Other Authorities

CPLR § 301....................................................................................................................................2

CPLR § 302(a)(1) ..........................................................................................................................3

Rule 12(b)(6)..................................................................................................................................1

I.        **PRELIMINARY STATEMENT**

Defendants Mark Livingston and Infosys Limited ("Infosys") respectfully submit this memorandum in further support of their motion to dismiss the Second Amended Complaint. Plaintiff's opposition papers fail to show that this Court may exercise personal jurisdiction over Mr. Livingston, or that Plaintiff has any plausible claims against him at all.[1]

Both the Complaint and Plaintiff's opposition papers ("Pl. Opp.") (Dkt. 52) are devoid of any facts that establish Infosys as her employer, or that create a cognizable claim of discrimination or hostile work environment against Infosys under the NYCHRL. Instead, Plaintiff relies upon impermissible conclusory statements to make her case. Plaintiff's opposition papers attempt to heighten the allegations levied in the Complaint, but fail to cure the fatal lapse of her pleading: she does not assert that any cause of action is based upon her *own* protected class, and accordingly, both her discrimination and hostile work environment claims fail.

For these reasons, this Court should dismiss the Complaint in its entirety against Mr. Livingston and should dismiss Plaintiff's discrimination and hostile work environment claims against Infosys.

II.       **THE COURT SHOULD IGNORE PLAINTIFF'S NEW ALLEGATIONS**

In considering a Rule 12(b)(6) motion, "a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Serdarevic v. Centex Homes, LLC*, 760 F. Supp. 2d 322, 328 (S.D.N.Y. 2010) (quotation omitted). An exception is made for documents that are "'integral' to the complaint and, accordingly, a fair object of consideration on a motion to dismiss." *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016).

---

[1] Defendants also seek to dismiss Plaintiff's discrimination and hostile work environment claims against Infosys.

1

"A document is integral to the complaint where the complaint relies heavily upon its terms and effect." *Id.* (citation and internal quotation marks omitted).

Plaintiff's Opposition, however, with the documents annexed to the Affirmation of Ria Julien ("Julien Aff.") (Dkt. 51), including an Affidavit of Jill Prejean ("Prejean Aff.") (Dkt. 51-1), is replete with extraneous documents and new assertions, many of which are false and none of which are "integral." Plaintiff's intent in raising these new, extraneous allegations is obvious: to offset the factual gaps in the Complaint. Taking judicial notice of these new "facts" would permit Plaintiff to again amend her now twice Amended Complaint and "would severely compromise the ability of defendants and courts to test the legal viability of complaints at the pleading stage." *Smith v. Hogan*, 794 F.3d 249, 255 (2d Cir. 2015). It is now too late for Plaintiff to avoid dismissal by the introduction of extraneous material, and the Court should not permit this.[2]

### III. PLAINTIFF HAS FAILED TO ESTABLISH PERSONAL JURISDICTION OVER MARK LIVINGSTON

#### A. Plaintiff Fails to Establish Personal Jurisdiction Pursuant to CPLR § 301

Plaintiff does not address whether general jurisdiction under CPLR § 301 is applicable. Accordingly, Plaintiff's silence should be construed as a concession that general jurisdiction cannot be exercised over Mr. Livingston.

#### B. Jurisdiction Under Section 302(a)(1) is Inapplicable

Plaintiff relies upon *SODEPAC, S.A. v. CHOYANG PARK in rem,* SAS), No. 02 Civ. 3927 (SAS), 2002 WL 31296341, at *4 (S.D.N.Y. Oct. 10, 2002), for the proposition that "Plaintiffs may rely entirely on allegations of fact, and they will prevail even if the moving party makes contrary allegations which controvert their *prima facie* case." *SODEPAC*, 2002 WL 31296341, at *2; Pl. Opp. at pg. 3. "Nevertheless, [the plaintiff] must make allegations establishing jurisdiction

---

[2] Defendants also contest the factual accuracy of these extraneous allegations.

2

4862-0668-5187.5 / 060893-1075

with some 'factual specificity' and cannot establish jurisdiction through conclusory assertions alone." *Affiliated FM Ins. Co. v. Kuehne + Nagel, Inc.,* 328 F. Supp. 3d 329, 333 (S.D.N.Y. 2018) (citing *Cont'l Indus. Grp., Inc. v. Equate Petrochemical Co.*, 586 F. App'x 768, 769 (2d Cir. 2014)). Plaintiff proffers that the Complaint is "replete" with assertions regarding Defendant Livingston's transaction of business in New York and his tortious acts both in and outside of New York. Pl. Opp. at. pg. 4. However, these assertions lack the specificity needed to establish jurisdiction, as Plaintiff fails to contest the fact that Mr. Livingston does not live or work in the State of New York, rendering her account not only speculative but nearly impossible. *See* Compl. at ¶¶ 39, 41.

Under the CPLR, personal jurisdiction is established when (i) a defendant transacts business in New York, and (ii) plaintiff's cause of action arises from that business activity. CPLR § 302(a)(1). Transacting business is established when a defendant purposefully avails himself within New York and invokes the benefits and protections of New York law. *Madison Capital Mkts., LLC v. Starneth Europe B.V.*, 15 Civ. 7213, 2016 U.S. Dist. LEXIS 112687, at *24 (S.D.N.Y. Aug. 23, 2016). This criteria is not met, as Mr. Livingston did not engage in purposeful activities in New York.

Plaintiff further cites *CutCo Industries, Inc. v. Naughton*, 806 F.2d 361, 365 (2d Cir.1986) to argue that this Court should consider the totality of the circumstances to determine whether Mr. Livingston engaged in the purposeful transaction of business within the state. In *CutCo,* the Second Circuit remanded the question of jurisdiction to the District Court to determine whether the alleged agent's frequent visits and business meetings in New York was enough to impute jurisdiction over the *corporation*. *Id. Cutco* is inapposite. Here, Mr. Livingston only visited the Infosys New York office twice during the relevant time period, and there is otherwise no *evidence* that Mr. Livingston—either in his personal or corporate capacity—solicited business in New York,

3

individually contracted with any person in New York, or conducted any purposeful activity in New York that would otherwise constitute a business transaction through his employment with Infosys. Therefore, *CutCo* is inapplicable to the instant set of facts.

    **C.    Jurisdiction Under Section 302(a)(2) is Inapplicable as Mr. Livingston Did Not Commit a Tort Within the State**

Mr. Livingston has sworn under penalty of perjury that he was not involved in the decision to terminate Plaintiff's employment, nor did he manage Plaintiff's assignment. (Dkt. 44, ¶¶14, 21). This fact is not disputed and must outweigh Plaintiff's baseless surmise that Mr. Livingston was involved in her employment or its termination. Because Mr. Livingston was not involved in the termination decision, jurisdiction over him is improper.

Further, while courts exercise jurisdiction over individuals who have control over the terms and conditions of one's employment, jurisdiction does not apply solely because of a person's title within an organization. Compare *Int'l Healthcare Exch., Inc. v. Global Healthcare Exch., LLC*, 470 F Supp. 2d 345, 359 (S.D.N.Y. 2007) (finding jurisdiction over defendants who had direct control over plaintiff) with *Vista Food Exch., Inc. v. Champion Foodservice, L.L.C.*, 14 Civ. 804 (RWS), 2014 WL 3857053 at *16 (S.D.N.Y. Aug. 4, 2014) ("Personal jurisdiction does not automatically extend to an employee from the corporation which [employs] him."); *Cardell Fin. Corp. v. Suchodolski Assocs., Inc.*, 09 Civ. 6148 (VM) (MHD), 2012 WL 12932049 at *29 (S.D.N.Y. July 17, 2012) ("Just because a corporation is subject to jurisdiction does not mean that every officer of that corporation will be subject to jurisdiction 'simply by virtue of the officer's position within the company'.")

Plaintiff relies solely on Mr. Livingston's position as a Managing Partner at Infosys Consulting (a division of Infosys Limited) to assert that he was involved in the termination decision. However, this argument fails because he could not independently make decisions

4

regarding Plaintiff's assignment, nor did he control her employment. Indeed, where it suits her, Plaintiff asserts that Mr. Kelley, not Mr. Livingston, fired her. (Pl. Opp. at 15-16). Therefore, jurisdiction is not established under Section 302(a)(2).

### D. Plaintiff Has Failed to Establish Jurisdiction Under Section 302(a)(3)

Other than Plaintiff simply asserting it as so, Plaintiff has failed to establish that Mr. Livingston actually does business in New York. To the contrary, Plaintiff alleges that the complained of acts occurred outside of New York. Pl. Opp. at pg. 9. In part, Plaintiff relies upon *DiStefano v. Carozzi N. Am., Inc.* 286 F.3d 81, 84 (2d Cir. 2001), in an effort to establish jurisdiction. However, *DiStefano* has no bearing on this case. There, the Court determined that the jurisdiction was found over *the corporation*, as the corporation terminated the plaintiff's employment within the state. *Id.* This is not analogous to the current set of facts, as Mr. Livingston is not Infosys, nor did he terminate Plaintiff's assignment.

Further, Plaintiff has not alleged that Mr. Livingston availed himself of New York law or derives substantial revenue from the State of New York. Plaintiff's silence should be construed as a concession that Section 302(a)(3) is inapplicable. *See Aqua Products, Inc. v. Smartpool, Inc.*, No. 04 CV 5492 (GBD), 2005 WL 1994013 at *6 (S.D.N.Y. Aug. 17, 2005) ("Plaintiff has not demonstrated that defendants purposefully availed themselves of the protections of New York law."); *Richtone Design Group L.L.C. v. Classical Pilates*, Inc., 06 Civ. 0547 (NRB), 2006 WL 2588135 at *3 (S.D.N.Y. Aug. 21, 2006) (finding that plaintiff did not allege that defendants derived revenue from goods or services rendered in New York, or "much less offer[ed] 'hard evidence' of substantial revenue.")

### E. Jurisdiction is Unreasonable and Would Violate Due Process

If this Court finds that jurisdiction under New York law is proper, it should find that the exercise of jurisdiction nonetheless would violate due process. As previously established, Mr.

5

Livingston would be unduly burdened if he is required to litigate this case in New York, and of all parties and potential witnesses to the litigation, Plaintiff is the only one who actually lives in New York. A ruling in Plaintiff's favor would be unreasonable as Plaintiff has not provided sufficient evidence to show that this Court can exercise jurisdiction over Mr. Livingston, and it would be unfair for him to have to expend resources to defend a meritless suit in a distant forum. Given the above, the claims against Mr. Livingston should be dismissed.

IV. **PLAINTIFF'S NYCHRL CLAIMS DO NOT MEET THE PLAUSIBILITY STANDARD TO AVOID DISMISSAL**

Plaintiff claims that she is a member of multiple protected classes, yet she has not alleged any facts to yield an inference that she was terminated (or suffered other discriminatory treatment) because of her membership in these protected classes. Instead, Plaintiff merely restates the conclusory allegations in her Complaint. *Pena v. Bd. of Elections in the City of N.Y.*, 16-CV-00427 (VEC) (BCM), at *13 (S.D.N.Y. Feb. 6, 2017) (finding Plaintiff had alleged facts sufficient to show that she was "treated less well" because of her race, color or national origin, as required to state a claim under the NYCHRL.) Plaintiff cites *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 111 (2d Cir. 2013), to assert that "even 'a single comment' may be actionable in appropriate circumstances;" however, Plaintiff has failed to allege a *single* comment made by Defendants that directly disparages or signals views about her *own* gender or age to support this assertion. (citing *Williams v. New York City Hous. Auth.,* 61 A.D.3d 62, 78, 872 N.Y.S.2d 27, 39 (1st Dep't 2009) ("Even "a single comment that objectifies women ... *made in circumstances where that comment would, for example, signal views about the role of women in the workplace* [may] be actionable." (emphasis added))).[3]

Although a plaintiff need not allege each element of a *prima facie* claim to survive a motion

---

[3] Tellingly, Plaintiff omitted the essential qualifying language of this quote. *See* Pl. Opp. at pg. 27.

to dismiss, the facts alleged must support a plausible inference of discrimination on the basis of a protected characteristic. *Rullan v. N.Y.C. Sanitation Dep't*, No. 13 Civ. 5154 (JGK), 2014 WL 2011771, at *6 (S.D.N.Y. May 16, 2014). Even construing Plaintiff's Complaint liberally, Plaintiff has failed to state a claim that is plausible on its face. *See Saidin v. N.Y.C. Dep't of Educ.*, 498 F. Supp. 2d 683, 687 (S.D.N.Y. 2007), *reconsid. denied*, 245 F.R.D. 175 (S.D.N.Y. 2007).

### A.   Plaintiff's Discrimination and Hostile Work Environment Claims Still Fail

Plaintiff still fails to state a claim under NYCHRL because she fails to "show that [s]he has been treated less well at least in part because of [a protected characteristic]." *Mihalik,* 715 F.3d at 110-111; *see also Carrington v. Mota*, 2017 WL 3835883, at *12 (S.D.N.Y. Aug. 31, 2017) (collecting cases that establish that hostile work environment claims must be dismissed when the acts of hostility alleged do not explicitly invoke the plaintiff's race); *Davis-Bell v. Columbia Univ.,* 851 F.Supp.2d 650, 678(dismissing hostile work environment claim where allegations did not show gender or racial animus).

In opposition, Plaintiff argues that "Mr. Kelley continued to express the sentiment regarding the company's animus for older executives," that she "reasonably regarded these concerns as both threats and warnings," and "Defendants repeatedly insisted on this unlawful criterion based in unlawful animus." Pl. Opp. at pg. 28. Plaintiff concedes, however, that these alleged comments were made about *others,* and not her. *Id.* Plaintiff nowhere points to any facts in the Complaint connecting these alleged acts to her own gender or age, because there are none. Moreover, even if some connection could be inferred, courts have dismissed claims alleging harsher acts of hostility than alleged here. *E.g.*, *Littlejohn v. City of N.Y.,* 795 F.3d 297, 320-21 (2d Cir. 2015) (dismissing complaints because plaintiff's allegations – including that her supervisor made negative statements; used harsh tones; distanced herself; declined to meet with her; required her to recreate reasonable accommodation logs; replaced her at meetings; reprimanded her; and

7

sarcastically stated "you feel like you are being left out" – were not sufficiently severe or based on race). Plaintiff's allegation that she was "subject to further gender-related animus against female caregivers in that Defendant Livingston expressed they would not be hired" is baseless, as Plaintiff has neither put her own caregiver status at issue nor even alleges that she is a caregiver herself. Pl. Opp. at 29. This attenuated speculation fails to state a claim of hostile work environment. *Shukla v. Deloitte Consulting LLP,* 1:19-cv-10578 (AJN) (SDA), 2020 WL 3181785 at *11 (June 15, 2020) (citing *Scalercio-Isenberg v. Morgan Stanley Servs. Grp. Inc.,* No. 19-CV-06034 (JPO), 2019 WL 6916099, at *6 (S.D.N.Y. Dec. 19, 2019)) (dismissing plaintiff's NYCHRL gender-based claim because it does not rise above a "speculative level.").

### B. Plaintiff Cannot Impute Individual Liability to Defendant Livingston

Plaintiff's attempt to impose individual liability upon Mr. Livingston for her discrimination and retaliation claims similarly fails. As addressed in Defendants' Moving Brief ("Mov. Br."), "individual liability under [the NYCHRL] is limited to cases where 'an individual defendant ... actually participates in the conduct giving rise to the plaintiff's [discrimination or] retaliation claim.'" *Malena v. Victoria's Secret Direct, LLC*, 886 F. Supp. 2d 349, 366 (S.D.N.Y. 2012) (citations omitted) (Mov. Br. at pg. 18). In opposition, Plaintiff has merely recited her allegations from the Complaint, without addressing the fact that Mr. Livingston did *not* supervise her work, nor did he terminate her position, and therefore, he cannot be held liable for retaliation.

The Complaint is bereft of factual allegations tying Mr. Livingston to any discriminatory or retaliatory conduct regarding Plaintiff's own gender or sex. Thus, the claims against Mr. Livingston fare no better than those asserted against Infosys and should be dismissed as well.

### C. Plaintiff Was an Independent Contractor

Finally, as set forth in Defendants' moving papers, there is no colorable argument that Mr. Livingston employed Plaintiff within the meaning of the NYCHRL, as she was at best an

8

independent contractor of Infosys. While Plaintiff argues at length that "she [was] an employee of Infosys," her arguments actually undermine the inference that Mr. Livingston can be held individually liable. To wit, Plaintiff: admits, as she must, that she was employed and "paid by IT Alliances," now a non-party (Pl. Opp. at 15); concedes that she "previously sued both her nominal and her actual employer," but has now "*decided* to focus solely on Infosys" (*id.* at 16-17, emphasis added); alleges that she was interviewed by Infosys executives, but not by Mr. Livingston, and "offered the job by Infosys VP Kelley (*id.* at 15); and that she was "fired by VP Kelley" (*id* at 16). Even if these allegations permit Plaintiff to pursue employment claims against Infosys generally – and they should not, given the presumption against retroactivity (Moving Br. at 15-16) – they do not support the notion that Mr. Livingston can be held individually liable under the NYCHRL to an independent contractor. Plaintiff admits that Mr. Livingston was not involved in interviewing, hiring, paying or firing her, and that her assignment was terminated prior to the NYCHRL amendment. These concessions are fatal to her effort to hold Mr. Livingston liable under the NYCHRL, and thus such effort should be dismissed. *See, e.g.*, *Banks v. Correctional Svcs. Corp.*, 475 F. Supp. 2d 189, 200 (E.D.N.Y. 2007)(dismissing NYSHRL and NYCHRL claims against owner of corporate defendant where plaintiff "has not alleged any facts which would support the allegation that [owner] aided or abetted [the company] in terminating his employment").

**V.      THE COURT SHOULD DENY PLAINTIFF FURTHER OPPORTUNITY TO AMEND THE AMENDED COMPLAINT**

Defendants oppose granting Plaintiff leave to further amend the Complaint because her lawsuit is built on shifting sands. In every iteration of her claim so far, Plaintiff has changed the facts, the claims, and even, seemingly, her theory of the case. *See.* Pl. Opp. at pgs. 16 - 17 (regarding Plaintiff dropping their case as to IT Alliances). As Plaintiff has been represented by counsel at all times during this litigation, her absence of a consistent, thematic through-line cannot

9

be explained. Rather, the waffling suggests that Plaintiff is merely grasping for any legal plank that might support a lawsuit. Defendants will be adversely prejudiced if Plaintiff files yet another version of events to which they must respond.

Furthermore, in addition to the arguments presented in Defendants' Moving Brief (pg. 19), leave to amend the Complaint also may be denied where the Defendant "fails to specify either to the district court or to the court of appeals how amendment would cure the pleading deficiencies…" *TechnoMarine SA v. Giftports, Inc.,* 758 F.3d 493, 505 (2d Cir. 2014). Plaintiff has not indicated how she would cure these deficiencies in her opposition, and therefore, such a request must be denied.

## VI.   CONCLUSION

For the foregoing reasons, the Court should dismiss the claims against Mr. Livingston for lack of jurisdiction and failure to state a claim upon which relief may be granted and should dismiss Plaintiff's claims of age and gender discrimination against both Mr. Livingston and Infosys.

Dated: November 18, 2021
      New York, New York

                                       **LITTLER MENDELSON, P.C.**

                                       By:  /s/
                                           Devjani Mishra
                                           Thelma Akpan
                                           900 Third Avenue
                                           New York, NY 10022
                                           (212) 583-9600

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JILL PREJEAN,<br><br>                    Plaintiff,<br><br>     -against-<br><br>INFOSYS LIMITED, MARK LIVINGSTON, DAN ALBRIGHT, and JERRY KURTZ,<br><br>                  Defendants. | Case No. 1:20-cv-08018 (JPO) (SDA)<br><br>**CERTIFICATE OF SERVICE** |

      I hereby certify that on November 18, 2021, I caused to be served via ECF upon Plaintiff's counsel a true and correct copy of Defendants' Reply Memorandum of Law in further Support of Defendants' Motion to Dismiss the Complaint.

      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: November 18, 2021
       New York, New York

                                                                */s/ Thelma Akpan*
                                                                Thelma Akpan