**Kauff McGuire & Margolis LLP**
**950 Third Avenue, Fourteenth Floor**
**New York, New York 10022**
**(212) 644-1010 (Tel)**
**(212) 644-1936 (Fax)**

*Attorneys for Defendant Jerry Kurtz*
*and Dan Albright*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JILL PREJEAN,<br><br>Plaintiff,<br><br>-against-<br><br>INFOSYS LIMITED, MARK LIVINGSTON, DAN ALBRIGHT, and JERRY KURTZ Jointly and severally,<br><br>Defendants. | Index No. 1:20-cv-08018 (JPO) |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT DAN ALBRIGHT'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(2) AND 12(b)(6)**

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................................................................1

ARGUMENT ...................................................................................................................................1

    A. Plaintiff Lacks Personal Jurisdiction over Defendant Albright ....................1

        1. Plaintiff has Abandoned Any Claim of General Jurisdiction ...........1

        2. Plaintiff Fails to Meet her Burden of Establishing Specific Jurisdiction with Respect to Defendant Albright............................. 2

        3. The Exercise of Personal Jurisdiction Still does not Comport with Due Process ............................................................................ 5

    B. Plaintiff's Complaint Cannot Survive Dismissal Under Rule 12(b)(6) ....... 6

        1. Plaintiff Impermissibly Tries to Amend her Poorly Pled Complaint by Adding New Facts in her Opposition Papers............. 6

        2. Plaintiff Incorrectly Relies on the Summary Judgement Standard at the Motion to Dismiss Stage ......................................... 7

        3. Plaintiff Offers No Authority to Support her General and Conclusory Allegations under the NYCHRL ................................... 8

    C. Plaintiff Should be Denied Any Further Opportunity to Amend Her Complaint ..................................................................................................... 9

CONCLUSION ............................................................................................................ 10

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Beatie & Osborn LLP v. Patriot Sci. Corp.*,
   431 F. Supp. 2d 367 (S.D.N.Y. 2006) ............................................................................ 3

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) .................................................................................................. 8, 9

*Burger King v. Rudzewicz*,
   471 U.S. 462 (1985) ..................................................................................................... 3

*Chambers v. Time Warner, Inc.*,
   282 F.3d 147 (2d Cir. 2002) ......................................................................................... 7

*Ellis v. Chao*,
   336 F.3d 114 (2d Cir. 2003) ......................................................................................... 9

*Fattoruso v. Hilton Grand Vacations Co., LLC*,
   873 F. Supp. 2d 569 (S.D.N.Y. 2012),
   *aff'd*, 525 F. App'x 26 (2d Cir. 2013) ........................................................................... 8

*Faulkner v. Beer*,
   463 F.3d 130 (2d Cir. 2006) ......................................................................................... 7

*Fischbarg v. Doucet*,
   9 N.Y.3d 375 (2007) ..................................................................................................... 3

*Goodman v. Port Auth. of New York & New Jersey*,
   850 F.Supp.2d 363 (S.D.N.Y. 2012) ............................................................................ 8

*James v. Borough of Manhattan Cmty. Coll.*,
   No. 20-CV-10565 (LJL), 2021 WL 5567848 (S.D.N.Y. Nov. 29, 2021) ..................... 9

*Karoon v. Credit Suisse Grp. AG*,
   No. 15-CV-4643 (JPO), 2016 WL 815278 (S.D.N.Y. Feb. 29, 2016) ......................... 3

*Kim v. Dial Serv. Int'l*,
   No. 96 Civ. 3327 (DLC), 1997 U.S. LEXIS 66 (S.D.N.Y. Jan. 8, 1997) ..................... 4

*In re Livent, Inc. Noteholders Sec. Litig.*,
   151 F. Supp. 2d 371 (S.D.N.Y. 2001) .......................................................................... 4

*Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria*,
   265 F.R.D. 106 (S.D.N.Y. 2010) .............................................................................. 6, 7

**Page(s)**

**Cases**

*Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*,
  715 F.3d 102 (2d Cir. 2013) ................................................................................................... 8

*Nationwide Mut. Ins. Co. v. Morning Sun Bus Co.*,
  No. 10-CV-1777 (ADS)(AKT), 2011 WL 381612 (E.D.N.Y. Feb. 2, 2011) ...................... 4

*Romeo & Juliette Laser Hair Removal, Inc. v. Assara I LLC*,
  No. 08-CV-442 (TPG)(FM), 2014 WL 4723299 (S.D.N.Y. Sept. 23,
  2014) ........................................................................................................................................1

*SAS Group, Inc. v. Worldwide Inventions*, Inc.,
  245 F. Supp.2d 543 (S.D.N.Y.2003) ...................................................................................... 3

*Stinnett v. Delta Air Lines, Inc.*,
  No. 18 Civ. 2704 (DLI)(LB), 2019 WL 1493224 (E.D.N.Y. Mar. 31,
  2019), *aff'd*, 803 F. App'x 505 (2d Cir. 2020) ................................................................... 2

*Universal Trading & Inv. Co. v. Tymoshenko*,
  No. 11 Civ. 7877 (PAC), 2012 WL 6186471 (S.D.N.Y. Dec. 12, 2012) ........................... 6

*Williams v. N.Y.C. Hous. Auth.*,
  872 N.Y.S. 2d 27 (1st Dep't 2009) ........................................................................................ 8

*Wright v. Ernst & Young LLP*,
  152 F.3d 169 (2d Cir. 1998) .................................................................................................. 6

**Statutes**

Civil Practice Law and Rules § 302(a)(1) ........................................................................... 2, 3, 4, 5

Civil Practice Law and Rules § 302(a)(2) ..................................................................................... 5

Civil Practice Law and Rules § 302(a)(3) ..................................................................................... 5

Federal Rules of Civil Procedure § 12(b)(2) .............................................................................. 1, 10

Federal Rules of Civil Procedure § 12(b)(6) ................................................................... 1, 6, 8, 9, 10

New York City Human Rights Law ........................................................................... *passim*

**Other Authorities**

Rule 3.D(ii) of the Court's Individual Practices ........................................................................... 10

**PRELIMINARY STATEMENT**

Defendant Dan Albright respectfully submits this Reply Memorandum of Law in Further Support of his Motion to Dismiss Plaintiff Jill Prejean's Second Amended Complaint ("Compl.") against him for lack of personal jurisdiction pursuant to Rule 12(b)(2) and for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

In her Memorandum of Law in Opposition to Defendant Albright's Motion to Dismiss the Complaint ("Opp. Br."), Plaintiff fails to meet her burden of establishing specific jurisdiction with respect to Defendant Albright, asserting speculative and contradictory facts to support her jurisdictional claims. Plaintiff also impermissibly tries to amend her deficient Complaint by adding new "facts" and external documents to her Opposition papers in complete defiance of well-established law, misapplies the legal standard for a motion to dismiss, and fails to offer any authority that supports the sheer level of generality in her pleadings for claims of discrimination and retaliation under the NYCHRL. Because Plaintiff's Opposition papers do not provide any basis to deny Defendant Albright's Motion to Dismiss, Defendant Albright respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety with respect to him.

**ARGUMENT**

**A.   Plaintiff Lacks Personal Jurisdiction over Defendant Albright**

**1. Plaintiff has Abandoned Any Claim of General Jurisdiction**

"At the motion to dismiss stage, where review is limited to the pleadings, a plaintiff abandons a claim by failing to address the defendant's arguments in support of dismissing that claim." *Romeo & Juliette Laser Hair Removal, Inc. v. Assara I LLC*, No. 08-CV-442 (TPG)(FM), 2014 WL 4723299, at *7 (S.D.N.Y. Sept. 23, 2014). As a

1

preliminary matter, Plaintiff completely ignores Defendant Albright's arguments concerning general jurisdiction. Thus, to the extent the Complaint attempts to raise a claim for general jurisdiction, the Court should deem it abandoned.

### 2. Plaintiff Fails to Meet her Burden of Establishing Specific Jurisdiction with Respect to Defendant Albright

In a last-ditch effort to salvage her specific jurisdiction claim under CPLR § 302(a)(1), Plaintiff tacks on an affidavit to her Opposition Brief that now conveniently asserts that her Complaint allegations about Defendant Albright endorsing illegal criteria all happened at the New York office of Infosys (Prejean Aff. ¶ 6), that about eight times, Defendant Albright appeared unscheduled at Plaintiff's desk at the New York Office (Prejean Aff. ¶ 7), that Plaintiff interacted with Defendant Albright on about twelve occasions in New York (Prejean Aff. ¶ 11), and that Defendant Albright sent Plaintiff an average of two or more emails and text messages a week and had one or more phone calls a week. (Prejean Aff. ¶ 16.) Further attempting to boost her scarce Complaint allegations connecting Defendant Albright to New York, Plaintiff also opportunistically inserts outrageously speculative new "facts" in her affidavit, including that Defendant Albright "very likely" signed contracts in New York, despite Plaintiff admitting in this very paragraph that she did not have sufficient information regarding contracts Defendant Albright signed and that Defendant Albright sent "emails and texts to many others in the New York office," apart from Plaintiff. (Prejean Aff. ¶¶ 15-16.)

Plaintiff's wholly inappropriate attempt to add new facts based on pure conjecture should be disregarded. *See Stinnett v. Delta Air Lines, Inc.*, No. 18 Civ. 2704 (DLI)(LB), 2019 WL 1493224, at *6 (E.D.N.Y. Mar. 31, 2019), *aff'd*, 803 F. App'x 505 (2d Cir. 2020) ("A plaintiff bringing a discrimination claim under the NYCHRL still

must allege facts that are more than conclusory or speculative to survive a motion to dismiss.") (quotations omitted). In any event, Plaintiff's specific jurisdiction claim under 302(a)(1) still cannot survive a motion to dismiss. While Plaintiff is preoccupied with stitching together examples of Defendant Albright's purposeful activity in New York on behalf of Infosys, she completely fails to show a *substantial relationship* between Defendant Albright's alleged transactions in New York and Plaintiff's causes of action. *See Karoon v. Credit Suisse Grp. AG*, No. 15-CV-4643 (JPO), 2016 WL 815278, at *4 (S.D.N.Y. Feb. 29, 2016) (*citing Fischbarg v. Doucet*, 9 N.Y.3d 375, 379 (2007)).

As noted in Defendant's opening brief, "jurisdiction cannot be founded upon 'random,' 'fortuitous,' or 'attenuated' contacts." *Beatie & Osborn LLP v. Patriot Sci. Corp.*, 431 F. Supp. 2d 367, 387 (S.D.N.Y. 2006) (citing cases).[1] Here, Plaintiff's claims do not arise out of Defendant Alrbright's limited alleged business activities in New York for Infosys Consulting, but out of, at most, fortuitous contacts outside of Defendant Albright's ordinary course of business in New York. (*See* Albright Aff. ¶ 16-17, 19.) Plaintiff even admits as much in her affidavit, where she expressly states that during his visits to New York, Defendant Albright "was *not* visiting primarily to meet with [Plaintiff]," he was meeting with senior executives including the president and his peer partners in the Consulting Division. (Prejean Aff. ¶ 14.)

Plaintiff also attempts to invent a new role for Defendant Albright, referring to him as one of her primary "client-bosses." (Prejean Aff. ¶ 17.) Plaintiff's attempt to coin

---

[1] Plaintiff's argument that "*Beatie supra* does not turn on 'random,' 'fortuitous,' or 'attenuated' contacts" to downplay Defendant Albright's attenuated contacts with her is futile. Two cases on which *Beatie* relies, *SAS Group, Inc. v. Worldwide Inventions*, Inc., 245 F. Supp.2d 543, 548 (S.D.N.Y.2003) and significantly, a Supreme Court case, *Burger King v. Rudzewicz*, 471 U.S. 462, 475 (1985), both explicitly stand for the same proposition.

3

4854-1806-2602.4

a phrase simply confirms that Defendant Albright was not her supervisor. As a result, Plaintiff's reliance on *Kim v. Dial Serv. Int'l*, No. 96 Civ. 3327 (DLC), 1997 U.S. LEXIS 66 *29-30 (S.D.N.Y. Jan. 8, 1997) is flawed. In *Kim*, the Court found a plaintiff's well-pled cause of action to arise out of an individual defendant's contacts with New York, where the defendant made "regular business trips" to New York over a two-year period to oversee the company's operations, including the plaintiff's employment, and made harassing comments to the plaintiff during one visit. *Id.* at *11. In contrast, Plaintiff's circumstances in the instant matter are not remotely comparable to the plaintiff in *Kim* since Defendant Albright was not Plaintiff's employer and did not visit New York for the purpose of overseeing Plaintiff's employment, as Plaintiff herself admits.

Additionally, to the extent that Plaintiff attempts to beef up her specific jurisdiction argument under § 302(a)(1) with brand new facts that Defendant Albright "directly supervised her work on a daily basis" (Prejean Aff. ¶ 22) and gave her "detailed work assignments" (Prejean Aff. ¶ 17) in order to concoct a substantial relationship between Defendant Albright's consulting activities in New York and her discrimination claims, such facts entirely contradict the Complaint and should be disregarded. Indeed, Plaintiff explicitly states in her Complaint that "*at all times relevant*, [she] *directly reported to [Clint] Kelly*." (Compl. ¶ 31.) As this Circuit has established, "[w]here plaintiff's own pleadings are internally inconsistent, a court is neither obligated to reconcile nor accept the contradictory allegations in the pleadings as true in deciding a motion to dismiss." *Nationwide Mut. Ins. Co. v. Morning Sun Bus Co.*, No. 10-CV-1777 (ADS)(AKT), 2011 WL 381612, at *6 (E.D.N.Y. Feb. 2, 2011) (citing S.D.N.Y. cases); *accord In re Livent, Inc. Noteholders Sec. Litig.*, 151 F. Supp. 2d 371, 405–06 (S.D.N.Y. 2001) (citing Second Circuit cases). As such, Plaintiff simply fails to satisfy her burden

4

of establishing specific jurisdiction under § 302(a)(1).

Plaintiff also cannot establish that Defendant Albright is subject to specific jurisdiction pursuant to § 302(a)(2) or § 302(a)(3), both of which require the commission of a tort. In a desperate attempt to assert a tort under these sections, specifically discrimination and/or retaliation under the New York City Human Rights Law, Plaintiff inserts in her Opposition papers an entire body of brand-new "facts" completely absent from her pleadings that are clearly designed to add to her substantive claims as opposed to her jurisdictional ones. These new allegations, as explained further below, constitute a wholly impermissible attempt by Plaintiff to amend her Complaint and must be instantly rejected by the Court. As such, Plaintiff continues to fail to state a claim under the New York City Human Rights Law, which resultingly defeats her claim for specific jurisdiction based on tort under § 302(a)(2) and § 302(a)(3).[2]

### 3. The Exercise of Personal Jurisdiction Still does not Comport with Due Process

Plaintiff's rationale as to why the exercise of personal jurisdiction accords with due process only serves her own interests. Of the six individuals identified in the Complaint with knowledge of her allegations with respect to Defendant Albright, Plaintiff is the *only one* who resides in New York. (*See* Opening Br. at p. 14.) Although Plaintiff now claims that "multiple office worker witnesses" were based in New York and "may be potential witnesses" (Opp. Br. at p. 13), Plaintiff fails to identify any of these purported New York witnesses. While Plaintiff also cites to public policy considerations under the Restoration Act as a factor in favor of due process (Opp. Br. at p. 13), this

---

[2] These new "facts" should also be rejected to the extent Plaintiff attempts to apply them to her § 302(a)(1) argument.

5

argument does not advance very far when Plaintiff also fails to state a claim under the NYCHRL. Accordingly, exercising personal jurisdiction over Defendant Albright would undermine constitutional due process.

### B. Plaintiff's Complaint Cannot Survive Dismissal Under Rule 12(b)(6)

#### 1. Plaintiff Impermissibly Tries to Amend her Poorly Pled Complaint by Adding New Facts in her Opposition Papers

"Courts in this Circuit have made clear that a plaintiff may not shore up a deficient complaint through extrinsic documents submitted in opposition to a defendant's motion to dismiss." *Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria*, 265 F.R.D. 106, 122–23 (S.D.N.Y. 2010) (citing *Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998)). New facts and allegations first raised by Plaintiff in her opposition papers, including within affidavits and exhibits submitted, may not be considered by a Court in deciding a motion to dismiss. *Universal Trading & Inv. Co. v. Tymoshenko*, No. 11 Civ. 7877 (PAC), 2012 WL 6186471, at *1 (S.D.N.Y. Dec. 12, 2012).

As a threshold matter, Plaintiff, faced with three motions to dismiss her action, all of which underscore her blatant pleading deficiencies, attempts to now utilize her Opposition papers to essentially rewrite her Complaint. Notably, Plaintiff's affidavit is riddled with brand new, wholly impermissible details about her claims of discrimination and retaliation. Such new "facts" include, *inter alia*, that Defendant Albright:

- "[D]ismissed [Plaintiff's] very detailed candidate inputs… each time asking for ages and if females were caregivers." (Prejean Aff. ¶ 8);

- "Talked over" Plaintiff, dismissed her "reminders of illegalities," and treated Plaintiff "as a nuisance" and as "unnecessary" eight times (Prejean Aff. ¶ 7-8);

6

- Told Plaintiff during about four conversations that he "needed candidates under 50 and especially women who are not caregivers," and implied to other partners that Plaintiff's work was unnecessary unless she vetted candidates based on their age and childcare status (Prejean Aff. ¶ 9); and

- Directly supervised Plaintiff's work on a daily basis (Prejean Aff. ¶ 22).

This Court should cast aside these and any other new "facts" as an inappropriate attempt to remedy the obvious pleading failures in the Complaint.

Moreover, Plaintiff makes yet another underhanded attempt to add factual support to her Complaint by attaching a third-party EEOC Charge against Defendant Infosys as an exhibit to her Opposition brief.[3] (*See* Opp. Br., Ex. B.)[4] This type of external document, however, must be "'integral to the complaint" for the Court to give it any consideration. *Madu*, 265 F.R.D. at 123 (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002)). Here, the EEOC Charge is in not integral to the Complaint since the Complaint does not "rel[y] heavily upon its terms and effect," or even at all. *See Chambers*, 282 F.3d at 153. More importantly, this document has nothing to do with Defendant Albright and is entirely irrelevant to the allegations against him. *See Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006) (even if a document is integral to the Complaint, its relevance must be undisputed). Hence, this Court should reject Plaintiff's "new" facts and extrinsic documents in deciding this motion.

### 2. Plaintiff Incorrectly Relies on the Summary Judgement Standard at the Motion to Dismiss Stage

---

[3] Plaintiff's EEOC Charge attachment is also redacted without permission from the Court.

[4] Plaintiff's attempt to improperly rely on the EEOC Charge is clearly a tactic to unfairly discredit Defendant Albright since he is not named in the Charge and its allegations are not directed at him. This Court should not countenance such an obvious attempt at misdirection to save Plaintiff's insufficient allegations.

4854-1806-2602.4

In a feeble effort to defend her claims, Plaintiff either misapplies or completely ignores the law with respect to her allegations of discrimination and retaliation under the NYCHRL. First, despite the fact that the instant motion is being made pursuant to Rule 12(b)(6) for Plaintiff's failure to state a claim, Plaintiff, relying on *Williams v. N.Y.C. Hous. Auth.*, 872 N.Y.S. 2d 27, 31 (1st Dep't 2009), emphasizes the summary judgment standard for claims under the NYCHRL. Specifically, Plaintiff asserts that her allegations "clearly exceed the standard set forth in Williams that summary judgement may not be granted unless discrimination plays no role." (Opp. Br. at p. 20.) This argument, however, is entirely premature and erroneous given the motion to dismiss at issue. Irrespective of the overall liberal construction of the NYCHRL, it is well-recognized that "at a minimum, employment discrimination claims under the NYCHRL must meet the standard of pleading set forth in *Twombly* and *Iqbal*." *Fattoruso v. Hilton Grand Vacations Co., LLC*, 873 F. Supp. 2d 569, 576 (S.D.N.Y. 2012), *aff'd*, 525 F. App'x 26 (2d Cir. 2013) (citing *Goodman v. Port Auth. of New York & New Jersey*, 850 F.Supp.2d 363, 386 (S.D.N.Y. 2012)) (quotations omitted).

### 3. Plaintiff Offers No Authority to Support her General and Conclusory Allegations under the NYCHRL

In addition, Plaintiff repeatedly insists in her Opposition papers that her general declarations to the effect that Defendant Albright expressed unlawful animus based on age and gender are sufficient to state a claim under the NYCHRL. However, Plaintiff fails to provide any authority to justify the sheer generality and conclusory nature of her allegations of discrimination and retaliation. For example, Plaintiff argues that Defendant Albright misstates the law in asserting that her broad allegations that Defendant Albright expressed animus do not amount to "invidious comments about a

8

protected group." (Opp. Br. at p. 18.) Yet, Plaintiff fails to provide any legal authority whatsoever suggesting that her vague declarations of the existence of animus amount to an "invidious comment."

Overall, Plaintiff's allegations of discrimination and retaliation under the NYCHRL based on age and gender are not only implausible, they are utterly preposterous. That Plaintiff attests to weekly communications with Defendant Albright for a six-month period (Compl. ¶ 163) yet cannot even provide a single supportive fact in her pleadings as to *how* Defendant Albright allegedly expressed animus based on age and gender defies all logic. Plaintiff asserts, again without legal support, that "it is clearly sufficient to repeatedly say, in whatever less memorable words, don't hire this type of person." (Opp. Br. at p. 18.) In essence, Plaintiff's allegations are nothing more than her own conclusions that Defendant Albright expressed animus and, as such, are wholly insufficient to satisfy the plausibility standard of Rule 12(b)(6). *See James v. Borough of Manhattan Cmty. Coll.*, No. 20-CV-10565 (LJL), 2021 WL 5567848, at *3 (S.D.N.Y. Nov. 29, 2021) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)) ("A complaint must offer more than 'labels and conclusions'… or 'naked assertion[s]' devoid of 'further factual enhancement' in order to survive dismissal.").

C.      **Plaintiff Should be Denied Further Opportunity to Amend**

As explained in the Opening brief, "leave to amend a complaint need not be granted when amendment would be futile." *Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003) (citing cases). Considering that Plaintiff's Complaint still contains rampant pleading deficiencies even in its *third* iteration,[5] she should not be permitted yet another

---

[5] In truth, in light of her improper filing of her affidavit and the EEOC Charge, she has already attempted (in vain) to amend her Complaint again.

opportunity to save her claims. Moreover, according to Rule 3.D(ii) of this Court's Individual Practices, Plaintiff was obligated to notify Defendant Albright in writing within ten days of receipt of his motion to dismiss whether she intended to file an amended pleading. Plaintiff failed to provide such notice before that period expired on January 7, 2022. Permitting Plaintiff to amend her Complaint once again would not only allow Plaintiff to run afoul of the Court's Rules but would also permit her to have needlessly caused Defendant Albright to expend time and resources on this Reply Brief.

## CONCLUSION

For the reasons above, and for those set forth in his opening brief, Defendant Albright respectfully requests that this Court grant his motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) and dismiss Plaintiff's Complaint as to Defendant Albright in its entirety with prejudice.

Dated:   New York, New York
         January 25, 2022

Respectfully submitted,

KAUFF McGUIRE & MARGOLIS LLP

By: */s/ Michele A. Coyne*
    Michele A. Coyne
    Tamanna Rubya

950 Third Avenue
Fourteenth Floor
New York, New York 10022
(212) 644-1010
coyne@kmm.com
rubya@kmm.com

*Attorneys for Defendants Jerry Kurtz and Dan Albright*